NO. COA14-369

 NORTH CAROLINA COURT OF APPEALS

 Filed: 18 November 2014

STATE OF NORTH CAROLINA

 v. Edgecombe County
 Nos. 13 CRS 51229—30
KAWANA SPRUILL and RICHARD CONOLEY
CHAPMAN

 Appeal by defendants from judgments entered 18 December

2013 by Judge Walter H. Godwin, Jr., in Edgecombe County

Superior Court. Heard in the Court of Appeals 9 September 2014.

 Attorney General Roy Cooper, by Special Deputy Attorney
 General David J. Adinolfi II, for the State.

 Smith, James, Rowlett & Cohen, LLP, by Seth R. Cohen, for
 defendant-appellants.

 BRYANT, Judge.

 Because the jury was presented with substantial evidence of

each essential element of the charge that defendants operated or

placed into operation an electronic machine to conduct a

sweepstakes through the use of an entertaining display,

including the entry process or the “reveal” of a prize, we

affirm the trial court’s denial of defendants’ motion to dismiss

and find no error in the judgment of the trial court.
 -2-
 On 23 April 2013, a magistrate in Edgecombe County issued

arrest warrants for defendants Kawana Spruill and Richard

Conoley Chapman on the charge of violating North Carolina

General Statutes, section 14-306.4 (“Electronic machines and

devices for sweepstakes prohibited”). The matter came on for

trial before a jury in Edgecombe County Superior Court on 17

December 2013, the Honorable Walter H. Godwin, Jr., Judge

presiding.

 The evidence presented at trial tended to show that

defendant Chapman was the owner of Past Times Business Center

(“Past Times”), an internet café, located at 2100 St. Andrews

Street, Tabor City, and defendant Spruill was the manager. An

undercover officer with the Tabor City Police Department went to

Past Times to determine if the café was operating an electronic

sweepstakes in violation of N.C. Gen. Stat. 14-306.4. The

undercover officer testified that he went to Past Times on 11

April 2013, equipped with a surveillance camera. The

surveillance video was played for the jury while the officer

narrated. The officer presented the cashier with $25.00. The

cashier presented the officer with a disclaimer which states, in

part:

 I understand that I am purchasing computer
 time to be used at this location. I also
 -3-
 realize that I can request to participate in
 the promotional game for free. . . .

 . . .

 I understand that I am not gambling. I am
 playing a promotional game in which the
 winners are predetermined. The games have
 no effect on the outcome of the prizes won.

 The undercover officer played internet games with the names

“Keno,” “Lucky’s Loot,” Lucky’s Loot bonus round named “Pot

O’Gold,” “Lucky Sevens,” “Lucky Ducks,” and “Lucky Lamb.” The

undercover officer testified that his understanding was “[y]ou

cannot win any more money than what it says you're already going

to win before the game starts. So it's irrelevant what you click

on.” The lead investigator, Detective Sergeant Bruce Edwards,

testified that Past Times’ electronic games used a pre-reveal

system. The pre-reveal system showed the prize amount the

patron would win prior to the patron playing a game. Once the

game was completed, the prize amount revealed prior to the start

of the game would be displayed again. Kevin Morse, a

representative from the video game manufacturer Figure Eight,

testified that the software used to make the electronic games

available in Past Times was developed and controlled by Figure

Eight and that Past Time paid a user licensing fee to access the

games via the internet. Morse distinguished a “true
 -4-
sweepstakes,” where the prize is revealed after the game is

completed, from the electronic games used in Past Times, where

the prize is revealed before a game is played. At Past Times,

the patron has the option of whether to play the game after the

prize has been revealed. If the patron does not timely choose

to play a game, the system prompts the next reveal opportunity.

 At the close of the evidence, the jury returned verdicts

against Chapman and Spruill finding each “[g]uilty of operating

or placing into operation an electronic machine or device for

the purpose of conducting a sweepstakes through the use of an

entertaining display, including the entry process or the

revealing of a prize[.]” The trial court entered judgment in

accordance with the jury verdicts. Spruill was sentenced to an

active term of 45 days. The sentence was suspended, and she was

placed on unsupervised probation for a period of 12 months.

Chapman was also sentenced to an active term of 45 days. This

sentence was suspended, and he was placed on unsupervised

probation for a period of 36 months. Both defendants appeal.

 ____________________________________

 On appeal, defendants argue the trial court erred in

denying their motion to dismiss. Defendants contend that there

was not substantial evidence they conducted a sweepstakes
 -5-
through the use of an entertaining display, including the entry

process or the revealing of a prize in violation of N.C. Gen.

Stat. § 14-306.4. We disagree.

 “We review denial of a motion to dismiss criminal charges

de novo, to determine whether there is substantial evidence (1)

of each essential element of the offense charged, or of a lesser

offense included therein, and (2) of defendant's being the

perpetrator of such offense.” State v. Mobley, 206 N.C. App.

285, 291, 696 S.E.2d 862, 866 (2010) (citation and quotations

omitted). “[T]he trial court must analyze the evidence in the

light most favorable to the State and give the State the benefit

of every reasonable inference from the evidence. . . . The

trial court does not weigh the evidence, consider evidence

unfavorable to the State, or determine any witness'

credibility.” State v. Trogdon, 216 N.C. App. 15, 25, 715

S.E.2d 635, 641 (2011) (citations and quotations omitted).

 Pursuant to North Carolina General Statutes, section 14-

306.4,

 it shall be unlawful for any person to
 operate, or place into operation, an
 electronic machine or device to do either of
 the following:

 (1) Conduct a sweepstakes through the
 use of an entertaining display,
 including the entry process or the
 -6-
 reveal of a prize.

 (2) Promote a sweepstakes that is
 conducted through the use of an
 entertaining display, including the
 entry process or the reveal of a prize.

N.C. Gen. Stat. § 14-306.4(b) (2013). “Entertaining display” is

defined as “visual information, capable of being seen by a

sweepstakes entrant, that takes the form of actual game play, or

simulated game play . . . .” Id. § 14-306.4(a)(3). An

entertaining display can be “[a]ny [] video game not dependent

on skill or dexterity that is played while revealing a prize as

the result of an entry into a sweepstakes.” Id. § 14-

306.4(a)(3)(i). “Sweepstakes” is defined as “any game,

advertising scheme or plan, or other promotion, which, with or

without payment of any consideration, a person may enter to win

or become eligible to receive any prize, the determination of

which is based upon chance.” Id. § 14-306.4(a)(5).

 Defendants contend that because the prize is revealed to

the patron prior to any opportunity to play a game, they have

not run afoul of the plain meaning of N.C.G.S. § 14-306.4.

Previously, games were used to reveal the sweepstakes prize.

But, according to Figure Eight representative Morse, the

software accessible from Past Times was changed to incorporate
 -7-
the pre-reveal feature, specifically, to operate in compliance

with N.C.G.S. § 14-306.4.

 [N]o sooner is a lottery defined, and
 the definition applied to a given state of
 facts, than ingenuity is at work to evolve
 some scheme of evasion which is within the
 mischief, but not quite within the letter of
 the definition. But, in this way, it is not
 possible to escape the law's condemnation,
 for it will strip the transaction of all its
 thin and false apparel and consider it in
 its very nakedness. It will look to the
 substance and not to the form of it, in
 order to disclose its real elements and the
 pernicious tendencies which the law is
 seeking to prevent. The Court will inquire,
 not into the name, but into the game,
 however skillfully disguised, in order to
 ascertain if it is prohibited[.] It is the
 one playing at the game who is influenced by
 the hope enticingly held out, which is often
 false or disappointing, that he will,
 perhaps and by good luck, get something for
 nothing, or a great deal for a very little
 outlay. This is the lure that draws the
 credulous and unsuspecting into the
 deceptive scheme, and it is what the law
 denounces as wrong and demoralizing.

Hest Technologies, Inc. v. State ex rel. Perdue, 366 N.C. 289,

289—90, 749 S.E.2d 429, 430—31 (2012) (citing State v. Lipkin,

169 N.C. 265, 271, 84 S.E. 340, 343 (1915)), cert. denied, ___

U.S. ___, ___ L. Ed. 2d ___ (2013).

 It is undisputed that with the use of computers accessing

the internet, defendants operated a sweepstakes wherein a prize

was revealed to a patron not dependent upon the patron’s skill
 -8-
or dexterity in playing a video game. See N.C.G.S. § 14-

306.4(a)(3)(i). That the video game did not have to be played

or played to completion is not determinative. Defendants appear

to define “game” only as that interaction between patron and

computer which occurs after the sweepstakes prize has been

revealed and the patron presses the “game” button. We disagree.

 Under the pre-reveal format, entry and participation in the

sweepstakes, through the pre-reveal, is a prerequisite to

playing a video game. Thus, the sweepstakes takes place during

the initial stages of any game played. That the sweepstakes is

conducted at the beginning of a game versus its conclusion makes

no significant difference: the sweepstakes prize is not

dependent upon the skill or dexterity of the patron; it is a

game of chance. And, in conjunction, the electronic video game

is a display which entices the patron to play.

 Section 14-306.4 seeks to prevent the use of entertaining

displays in the form of video games to conduct sweepstakes

wherein the prize is determined by chance. See id. § 14-

306.4(b)(1). Therefore, when viewed in the light most favorable

to the State, it is clear that the jury was presented with

substantial evidence of each essential element of the charge

that defendants operated or placed into operation an electronic
 -9-
machine to conduct a sweepstakes through the use of an

entertaining display, including the entry process or the reveal

of a prize. See id.; see also Trogdon, 216 N.C. App. at 25, 715

S.E.2d at 641. Therefore, we affirm the trial court’s denial of

defendants’ motion to dismiss the charge and find no error in

the judgment of the trial court. Mobley, 206 N.C. App. at 291,

696 S.E.2d at 866. Accordingly, defendant’s argument is

overruled.

 No error.

 Chief Judge McGEE and Judge STROUD concur.